former warrant which had been issued in a previous year for a liability incurred during that year, and payment of which had gone by default during the year in which it was issued, we do not think that such renewal warrant was void because it was given in one year to be paid in the following year. In such circumstances, the payment of such past-due or accumulated debt must be made in the year or years subsequent to that in which the liability was contracted and the original warrant therefor given. We think it would be competent, in these circumstances, for the county commissioners to issue a renewal warrant in one year, to be paid in the subsequent year, although the better practice would be to make such warrant payable during the year of its issuance.

The petition otherwise making a case for the grant of a mandamus, and as the demurrer thereto seems to have been sustained upon the ground that the giving of the original warrant was for a debt illegally contracted, which does not appear from the allegations of the petition, but the contrary appearing therefrom, we are of the opinion that the trial judge erred in sustaining the demurrer to the petition.

*Judgment reversed.   All the Justices concur.*

---

### LESTER *et al. v.* MITCHELL.

This case being for decision by a full bench of six Justices, who are evenly divided in opinion, Russell, C. J., and Atkinson and Hines, JJ., being of the opinion that the judgment of the trial court should be affirmed, and Beck, P. J., and Hill and Gilbert, JJ., being of the contrary opinion, the judgment stands affirmed by operation of law.

No. 5944.   NOVEMBER 15, 1927.

Petition for injunction. Before Judge Humphries. Fulton superior court. March 8, 1927.

*H. A. Alexander,* for plaintiffs.
*Clarke & Clarke,* for defendant.

---

Appeal and Error, 4 C. J. p. 1122, n. 35.

---